ST. PAUL FIRE & MARINE INSURANCE COMPANY and J. B. Ray and Majorie Ray, Appellees,

v.

ARKLA CHEMICAL CORPORATION, Appellant.

ST. PAUL FIRE & MARINE INSURANCE COMPANY and J. B. Ray and Majorie Ray, Appellants,

v.

ARKLA CHEMICAL CORPORATION, Appellee.

Nos. 20417, 20415.

United States Court of Appeals, Eighth Circuit.

Jan. 4, 1971.

858

Bernard Whetstone, Whetstone & Whetstone, Little Rock, Ark., for St. Paul Fire & Marine Ins. Co. and J. B. Ray and Majorie Ray.

Dennis L. Shackleford, Shackleford & Shackleford, El Dorado, Ark., for Arkla Chemical Corp.

Before MATTHES, Chief Judge, HEANEY, Circuit Judge, and MEREDITH, District Judge.

PER CURIAM.

These are cross-appeals from the judgment entered on a jury verdict in a diversity action. The principal issue in No. 20,417, is whether appellant Arkla Chemical Corporation was legally responsible for the negligent acts of the employees of Arkansas Louisiana Gas Company, the parent corporation. The substantive law of Arkansas is dispositive of this question. No. 20,415 centers on the failure of the district court to set aside the jury's verdict finding that appellant Majorie Ray, wife of J. B. Ray, the injured party, had sustained no damages by reason of the injuries to her husband and her alleged loss of consortium.

The controlling facts are undisputed and a brief résumé thereof will suffice to place the issues before us in proper perspective.

### No. 20,417

J. B. Ray, an employee of Development Services Corporation, sustained serious and permanent injuries resulting from inhaling and coming in contact with hydrochloric acid while he and two employees of Arkansas Louisiana Gas Company were in the process of unloading the acid from a tank truck, which was owned by the chemical company, but under the control of the gas company by virtue of a lease. Ray sued both corporations in the United States District Court. The gas company, owner of all of the stock in the chemical company (appellant) was dismissed by reason of the Arkansas statute of limitations. The statute had been tolled as to appellant chemical company by virtue of a prior state court action timely filed against it in which Ray had taken a nonsuit.

In this posture, i. e., the chemical company being the sole defendant, Ray proceeded and tried the case on the theory that it was nonetheless liable because of the nature of the relationship between the parent corporation, gas company, and its wholly owned subsidiary, appellant, and the interwoven method of operations and of doing business, and other factors which need not be recited here. Judge Harris concluded that the peculiar facts and circumstances developed by uncontradicted evidence brought the case within the teachings of the Supreme Court of Arkansas in Black & White, Inc. v. Love, 236 Ark. 529, 367 S.W.2d 427, 8 A.L.R.3d 809 (1963). Having so decided, the court denied appellant's motion for a directed verdict and by appropriate instruction authorized a verdict against appellant upon a finding of negligence on the part of the gas company employees in connection with the handling of the acid.

Appellant attempts to demonstrate that *Black & White* is not controlling because of distinguishable factual features. Manifestly, the facts before us are not identical to those which caused the supreme court to hold the Black & White corporation liable for the negligence of the employee of another corporation. But there are a number of circumstances here which closely parallel those in the *Black & White* case and, in our view, Judge Harris was fully warranted in concluding that the rationale of the supreme court in *Black & White* was applicable. Hence, we reject appellant's contention of no liability.

The issue of liability was submitted to the jury on the premise that there was a duty on the part of appellant to warn of the dangers inherent in the acid and that a finding of no warning authorized a verdict against appellant. Appellant contends this was error, basically because Ray had knowledge, so appellant asserts, of the dangerous qualities and propensities of hydrochloric acid. The evidence refutes appellant's claim and supports the instruction. Thus, we also hold against appellant on its second claim of error.

### No. 20,415

The jury found in favor of J. B. Ray and his wife, Majorie, assessed J. B.'s damages at $50,000, but found that Majorie was not entitled to recover any amount. Appellants complained of the jury's failure to allow Mrs. Ray any damages in their motion for new trial. The matter was carefully considered by the district judge and he was not persuaded to interfere with the jury's verdict.

The question of inadequacy or excessiveness of a verdict is not a new or novel one to this court. It was exhaustively explored and considered in Solomon Dehydrating Co. v. Guyton, 294 F.2d 439 (8th Cir.), cert. denied, 368 U.S. 929, 82 S.Ct. 366, 7 L.Ed.2d 192 (1961), where we re-emphasized our view to be that this issue,

" * * * is basically, and should be, a matter for the trial court which has had the benefit of hearing the testimony and of observing the demeanor of the witnesses and which knows the community and its standards; that this is a responsibility which, for better working of the judicial process and for other seemingly obvious reasons, is best placed upon its shoulders; and that we shall continue to consider review, as we have said before, not routinely and in every case, but only in those rare situations where we are pressed to conclude that there is 'plain injustice' or a 'monstrous' or 'shocking' result." Id. at 447, 448.

See also Century "21" Shows v. Owens, 400 F.2d 603, 611–612 (8th Cir. 1968). Our review of the evidence pertinent to the damage issue leads us to conclude that the district court did not err in declining to set aside the verdict as to Mrs. Ray and grant her a new trial.

We affirm in both appeals.